IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RHONDA RADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0669-CG-N |
| | ) | |
| ACE TITLE LOAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on defendant's Motion to Dismiss (doc. 10) and accompanying evidentiary submission (doc. 12). This motion has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. §636 and Local Rule 72.1(a).

Defendant argued that it did not employ sufficient people to qualify as an "employer" pursuant to the Age Discrimination in Employment Act ("ADEA"). Plaintiff sought leave (doc. 17) to conduct discovery on the numerosity issue, and the court granted limited discovery (doc. 28).

Following completion of that discovery, plaintiff filed a Supplemental Response (doc. 34) to defendant's Motion to Dismiss. Plaintiff acknowledges that the employees of defendant and other related companies which plaintiff states may arguably be deemed to be part of the same company "do not appear to meet the number of employees required to constitute and 'employer' fur purposes of this case." (Doc. 34) Plaintiff thereupon confessed that the motion was due to be granted.

Accordingly, it is hereby RECOMMENDED that defendant's Motion to Dismiss be

GRANTED and that this action be DISMISSED with prejudice.

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 2nd day of October, 2012.

/s/  Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson